IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Charles Edward McClinton, ) | |
| ) | C/A No. 3:13-0942-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Walden University, Gregory Hickman, ) | |
| Joann Regan, and William Barkley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Charles Edward McClinton, appearing pro se, filed a complaint on April 9, 2013, alleging that in March 2008 he was accepted as a Ph.D. candidate in the Clinical Social Work/Human Service Program at Defendant Walden University.[1] Defendants William Barkley and Gregory Hickman are members of the faculty of Walden University. Defendant JoAnn Regan was on the faculty at the time of the events complained of.

Plaintiff alleges that he participated in the Knowledge Area Module (KAM) curriculum, which involves preparation of scholarly papers as well as occasional face-to-face sessions designated as "residencies."[2] Plaintiff contends that during his second residency he complained to Regan that she was not promptly reviewing his research papers. Plaintiff alleges that Hickman failed Plaintiff because his assignments were submitted out of time. Plaintiff also alleges that he was assigned to Hickman's course a second time against his wishes. Plaintiff contends that Barkley and Hickman have conspired to prevent him from obtaining a Ph.D because of his race and age. Plaintiff also

---

[1] Walden University offers online degrees in a number of disciplines. See http://www.waldenu.edu/ found March 11, 2014.

[2] Information found at http://www.waldenu.edu/doctoral/learning-models?tab=knowledge-area-modules#tabs found March 11, 2014.

alleges that Walden University failed to train or educate him, and that it fraudulently misappropriated funds from the United States Department of Education.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacqueline D. Austin for pretrial handling. On July 23, 2013, Walden University filed a motion to dismiss. Also on July 23, 2013, Barkley, Hickman, and Regan filed a motion to dismiss. By order filed July 24, 2013, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition addressing both motions on August 9, 2013. On September 4, 2013, the Magistrate Judge filed a Report and Recommendation in which she recommended that the motions to dismiss be granted. Plaintiff filed objections to the Report and Recommendation on September 9, 2013, to which Defendants jointly filed a reply on September 10, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## DISCUSSION

A.     Walden University's Motion to Dismiss

Walden University moves to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). In general, whether a complaint sufficiently states a claim upon which relief can be granted is

governed by the Supreme Court's plausibility pleading framework. Stevenson v. City of Seat Pleasant, No. 12-2047, 2014 WL 660919 (4th Cir. Feb. 21, 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. A plaintiff must allege enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. The plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. Id. at 545. While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

The Magistrate Judge observed that Plaintiff's complaint fails to assert any jurisdiction or other statutory bases for his claims against Walden University. The Magistrate Judge noted that Walden University therefore has no notice as to what law or statute Plaintiff contends was violated. The Magistrate Judge further observed that Plaintiff makes no allegation that he was treated differently from other students because of his age or race and offers no particularized facts to demonstrate a conspiracy to prevent him from obtaining a Ph.D. because of his age or race. In addition, the Magistrate Judge determined that Plaintiff's claims that Walden failed to properly train or educate him, and that Walden University misappropriated funds, lacked factual support as well as a legal basis. Accordingly, the Magistrate Judge recommended that Walden University's motion to dismiss pursuant to Rule 12(b)(6) be granted.

B.     Barkley, Hickman, and Regan's Motion to Dismiss

Barkley and Hickman move to dismiss on the ground that they are not subject to personal jurisdiction in South Carolina. See Fed. R. Civ. 12(b)(2). A federal district court may only exercise personal jurisdiction over an out-of-state resident if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment. See ESAB Group, Inc. v. Zurich Ins. PLC, 685 F.3d 376, 391 (4th Cir. 2012)(quoting Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009)). The scope of South Carolina's long-arm statute is coextensive with the due process clause. Id. (citing Cockrell v. Hillerich & Bradsby Co., 611 S.E.2d 505, 508 (S.C. 2005)).

Personal jurisdiction is exercised as "general jurisdiction" or "specific jurisdiction." Coggeshall v. Reproductive Endocrine Assocs. of Charlotte, 655 S.E.2d 476, 478 (S.C. 2007)). General jurisdiction is the court's right to exercise personal jurisdiction over a defendant even though the suit does not arise out of or relate to the defendant's contacts with the forum. Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 n.15 (1985)). General jurisdiction is determined under S. C. Code Ann. § 36-2-802, which provides that a court "may exercise personal jurisdiction over a person domiciled in, organized under the laws of, doing business, or maintaining his or its principal place of business in, this State as to any cause of action."

Specific jurisdiction is the court's right to exercise personal jurisdiction because the cause of action arises specifically from a defendant's contacts with the forum. Delta Apparel, Inc. v. Farina, 750 S.E.2d 615, 621 (S.C. Ct. App. 2013) (citing Coggeshall, 655 S.E.2d at 478). Specific jurisdiction is determined under S.C. Code Ann. § 36-2-803(A), which provides:

A court may exercise personal jurisdiction over a person who acts directly or by an

agent as to a cause of action arising from the person's:

(1) transacting any business in this State;

(2) contracting to supply services or things in the State;

(3) commission of a tortious act in whole or in part in this State;

(4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;

(5) having an interest in, using, or possessing real property in this State;

(6) contracting to insure any person, property, or risk located within this State at the time of contracting;

(7) entry into a contract to be performed in whole or in part by either party in this State; or

(8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

If the court determines that either statute applies, the court must determine whether the nonresident's contacts in South Carolina are sufficient to satisfy due process. Delta Apparel, 750 S.E.2d at 622 (citing Sullivan v. Hawker Beechcraft Corp., 723 S.E.2d 835, 839 (S.C. Ct. App. 2012)). "Due process requires that there exist minimum contacts between the defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Cockrell v. Hillerich & Bradsby Co., 611 S.E.2d 505, 508 (S.C. 2005)(citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). "Further, due process mandates that the defendant possess sufficient minimum contacts with the forum state, so that he could reasonably anticipate being haled into court there." Id. at 508 (citing World-Wide Volkswagen Corp. v.

Woodson, 444 U.S. 286, 297 (1980)). Without minimum contacts, the court does not have the "power" to adjudicate the action. Id. (citing S. Plastics Co. v. S. Commerce Bank, 423 S.E.2d 128, 131(1992)). The court must also find that the exercise of jurisdiction is reasonable or fair. Id. (quoting S. Plastics Co., 423 S.E.2d at 131).

The Magistrate Judge observed that Plaintiff made no allegations in his complaint that the events giving rise to the within action arose in South Carolina, or that Barkley and Hickman had any contacts with South Carolina at all. The Magistrate Judge also referenced affidavits provided by Barkley and Hickman with their motion to dismiss. Barkley avers in his affidavit that he has lived for over thirty years in Nashville, Tennessee; and has never lived in South Carolina, owned or leased real estate in South Carolina, paid taxes, or conducted business of any kind within South Carolina. ECF No. 39-2., ¶¶ 3-4. Barkley states that he has never traveled to South Carolina for business or in connection with his employment with Walden University. Id. ¶¶ 5,6. Barkley attests that he met Plaintiff in person at a residency program in Atlanta, Georgia, and otherwise interacted with Plaintiff over the internet or by telephone. Id. ¶ 7. Hickman attests in his affidavit that he has resided in Scottsdale, Arizona, for the past eight years. ECF No. 39-3, ¶ 3. Hickman states that he was stationed at Fort Jackson in South Carolina in 1983, but has not returned since that time. Id. ¶ 4. Hickman further avers that he does not own or lease real estate in South Carolina, pay taxes, or conduct business of any kind within South Carolina. Id., ¶ 5. Hickman attests that he interacted with Plaintiff only over the internet or by telephone. Id. ¶ 7.

Based upon the evidence in the record, the Magistrate Judge determined that the court lacks either general or specific jurisdiction over Barkley and Hickman. Therefore, the Magistrate Judge recommended that Barkley and Hickman's motion to dismiss pursuant to Rule 12(b)(2) be granted.

In addition, Barkley, Hickman, and Regan move pursuant to Rule 12(b)(6) to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted against any of them. The Magistrate Judge, finding that Barkley and Hickman should be dismissed for lack of personal jurisdiction, reviewed Plaintiff's allegations only with respect to Regan. The Magistrate Judge observed that the sum of Plaintiff's claims against Regan is that she did not grade his assignments or report on his progress in a time effective way. There being no cognizable claim against Regan, the Magistrate Judge recommended Regan's motion to dismiss pursuant to Rule 12(b)(6) be granted.

C.      Plaintiff's Objections to the Report and Recommendation

Plaintiff's objections read as follows, verbatim:

1.      I object to the defendant's claim of exclusion from the law or the United States constitution as a mean of escaping a violation of plaintiff civil liberties under the color of law. Walden University conduct business all over the United States as a private entity that using federal funds for a profit through the admission of its citizens from the fifty States of the union. William Barkley, Gregory Hickman, and Joann Regan are entities of Walden University and are therefore liable under the law for negligent and misconduct.

2.      Defendants Joann Regan did intentionally, deliberately, and discriminatorily fail to [provide] professional and statutory educational services to plaintiff as is protocol standard for the University. Which in reality had a profound effect on equal educational opportunity afforded to all students? In comparison plaintiff was discriminate against and the University attempted to cover it up by promoting 3 KAMs to appease the plaintiff with the intentions of scrutinizing and making it cumbersome for the plaintiff to continue in the program, under Barkley and Hickman.

3.      The defendants Barkley and Hickman are not claiming against the merits of the case but jurisdictional issues to escape the penalties of the law. However, Regan cannot claim such privilege. She was employed by the University of South Carolina Columbia Campus in conjunction with employment with Walden University and is the primary culprit of this complaint.

ECF No. 52.

The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Plaintiff's objections do not rebut the Magistrate Judge's conclusion that Defendants' motions to dismiss should be granted. Plaintiff's objections are without merit.

## CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Walden University's motion to dismiss (ECF No. 38) is **granted**, without prejudice. Barkley, Hickman, and Regan's motion to dismiss (ECF No. 39) also is **granted**, without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 12, 2014.

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**